IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
OCT 10 2017
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| KRISTINA PENMAN, as Guardian ad Litem for K.W., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>HARTFORD ACCIDENT AND INDEMNITY COMPANY,<br><br>Defendant. | CV 17–102–M–DLC<br><br>ORDER |

Before the Court is Defendant Hartford Accident and Indemnity Company's ("Hartford") motion to dismiss. For the reasons explained below, the Court grants Hartford's motion to dismiss.

### BACKGROUND AND PROCEDURAL HISTORY

On April 1, 2016, K.W. (a minor) was riding in the backseat of a vehicle driven by Skyler Dodson. Dodson was stopped on Highway 93 in Lake County waiting to turn left onto Walstad Fishing Access Road when a vehicle driven by Eric Sams ("Sams") ran into the back of Dodson's vehicle traveling at highway speed. Sams was cited for "Following Too Closely – Reasonable and Prudent." Mont. Code Ann. § 61-8-329(1) (2015). Sams pled guilty to the citation.

Dodson was not cited in the accident.

The vehicle driven by Sams was insured by Hartford pursuant to a Montana personal auto liability policy, Policy No. 41 PH 212387 (the "Policy"), issued to Nadine Holder and Sallye Sams. Three vehicles were insured under the Policy, each with a limit of $100,000 per person and $300,000 per accident. Hartford charged Nadine Holder and Sallye Sams separate, non-uniform premiums for each vehicle covered. On behalf of Sams, Hartford admitted fault for the accident and paid Kristina Penman, as Guardian ad Litem for K.W. ("Penman"), the $100,000, pursuant to the Policy's per person limit. Plaintiff filed a civil lawsuit in the Montana Twentieth Judicial District, *Kristina Penman as Guardian ad Litem for K.W., a minor v. Hartford Accident and Indemnity Co.*, Cause No. DV 17–129. Hartford removed this action to this Court pursuant to diversity of citizenship.

Here, Plaintiff seeks a declaration that the Policy's bodily injury liability coverage "stacks" with the other two vehicles covered under the Policy, requiring payment of an additional $200,000 by Hartford. Defendant denied Plaintiff's claim for benefits under the other two vehicles, arguing that the Policy's liability coverage is limited to $100,000. Defendant moves to dismiss because the law does not allow stacking of third-party bodily injury coverage.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Federal Rules of Civil Procedure allow for dismissal when the allegations in the pleading "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Thus, in order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). Nonetheless, a court may dismiss a complaint if it lacks a cognizable legal theory." *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 782–783 (9th Cir. 1996). "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Id.*

## ANALYSIS

### I. Limits on Per Person Coverage

The usual principles of contract interpretation apply in this case. It is well-established in Montana that the "construction and interpretation of a contract is a question of law" for the court to decide. *Corporate Air v. Edwards Jet Center*, 190 P.3d 1111, 1120 (Mont. 2008). When "the language of an agreement is clear and

unambiguous, and as a result, susceptible to only one interpretation, the court's duty is to apply the language as written." *Rich v. Ellingson*, 174 P.3d 491, 495 (Mont. 2007). The court is to "'give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful.'" *Corporate Air*, 190 P.3d at 1120 (quoting Mont. Code Ann. § 28–3–301). To that end, the court must read the contract as a whole, giving "effect to every part if reasonably practicable, each clause helping to interpret the other." *K&R Partnership v. City of Whitefish*, 189 P.3d 593, 600 (Mont. 2008) (quoting Mont. Code Ann. § 28–3–202). If the terms of a contract are clear, "the court must determine the intent of the parties from the wording of the contract alone." *Rich*, 174 P.3d at 495.

The Court agrees that under general contract interpretation principles, the Policy is unambiguous that the limitation of bodily injury coverage for one person is $100,000. With respect to liability coverage, the Policy states:

> Regardless the limit of liability shown in the Declarations for each person is for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for case, loss of services or death, arising out of **bodily injury** sustained by any one person in any one auto accident. . . . This is the most we will pay regardless of the number of:
>
> 1. Insureds;

      2. Claims made;

      3. Vehicles or premiums shown in the Declarations; or

      4. Vehicles involved in the auto accident.

(Doc. 3-1 at 20.) The Policy's limitation of liability provision is clear and unambiguous as a matter of law and plainly prohibits stacking. There is no dispute that this declaratory action involves only one person. (Doc. 5 at 2.)

Recently in a related case, the undersigned held that stacking does not apply to third-party liability coverage. *See Durbin v. Mountain West Farm Bureau Mutual Ins. Co.*, 16-40-M-DLC, Doc. 32, (August 17, 2017). This Court found that "[p]ursuant to Montana law, if a motor vehicle liability policy provides for a limitation of liability, then the anti-stacking statute does not apply." *Durbin*, Doc. 32 at 6.

Similar to the policy in *Durbin*, the Policy here provides for a limitation of liability that prohibits stacking of third-party coverage. The clear and unambiguous Policy language here limits the total bodily injury coverage per person to $100,000. Thus, the Court finds that the Policy clearly states that there is a monetary limit for bodily injury coverage per person, and that Hartford will not allow stacking liability coverage if the incident involves only one person.

## II. "Insureds" under the Policy

Next, Hartford claims that the Plaintiffs are not "Insureds" under the Policy. The Policy's "PART A – Liability Coverage" defines an "Insured" as:

**"Insured"** as used in this Part means:

> **1.** You or any **family member** for the ownership, maintenance or use of any auto or **trailer**.
>
> **2.** Any person using your covered auto.
>
> **3.** For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
>
> **4.** For any auto or **trailer**, other than **your covered auto**, any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. . . .

(Doc. 3-1 at 18.) Hartford contends that neither the Plaintiff nor K.W. are named Insureds, permissive users, or are liable for the conduct of an insured. Further, the Plaintiff does not allege that she or K.W. qualify as an "Insured" under the Policy. Thus, since they are not "Insureds," neither the Plaintiff nor K.W. can stack coverage here.

United States District Court Judge Brian Morris decided this exact issue in *Hecht v. Mountain West Farm Bureau Mut. Ins. Co.*, CV 15-40-GF-BMM, Doc. 28 (March 3, 2016). In *Hecht*, Judge Morris found that "Montana law allows a

claimant to stack multiple insurance coverages only if the claimant can show that he or she qualifies [as] an 'insured' under all of the coverages to be stacked." *Id.* (citing *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 73 P.3d 800, 803 (Mont. 2003)). The Montana Supreme Court in *Lierboe* refused to allow the claimant to stack medical payment coverage provided under two insurance policies because she qualified as an "insured" under only one of the policies. *Id.* Thus, the Court found that Lierboe had no expectation of coverage under the policy as she was not a qualified insured, and that the anti-stacking holding in its previous ruling, *Ruckdaschel v. State Farm Mut. Auto. Ins. Co.*, 948 P.2d 700 (Mont. 1997), did not apply. *Lierboe*, 73 P.3d at 803. Judge Morris also acknowledged that in *Chilberg v. Rose*, 903 P.2d 1377, 1380 (Mont. 1995), the Montana Supreme Court determined that "[the claimant] was a passenger who neither had 'reasonable expectations' of coverage under the policy nor did he qualify as an insured spouse or family member under more than one policy." *Id.* Consequently, when reviewing Montana case law, Judge Morris found that Hecht failed to qualify as an insured under the Policy and was not entitled to stack the policy liability coverages.

Similarly, in *Morris v. Bishop and Progressive Northwestern Insurance Company*, CV 16-6-BU-SHE, Doc. 64 (November 2, 2016), United States District

Court Judge Sam Haddon found that the third-party claimant was not an "insured" under the policy. Judge Haddon determined that under the Progressive policy, the only "insured" was Bishop, who was the named "insured," and that Robinson (who died as a result of the accident and was being represented by his estate) "was not using a vehicle listed as a covered auto under the Policy at the time of the accident, was not a relative of Bishop, and did not incur vicarious liability." *Id.* at 5–6. Judge Haddon also addressed the issue of assignments. He found that even though the plaintiffs were assigned the rights of the first-party claimant pursuant to the underlying stipulated judgment, "[P]laintiffs are persons entitled by law only to seek the benefits of third-party coverage available to Bishop under the Insuring Agreement." *Id.* at 7. Judge Haddon concluded that notwithstanding the assignment, the plaintiffs could not claim status as first-party claimants. *Id.* at 8.

Furthermore in *Durbin*, the undersigned relied on *Morris* and *Hecht*, and agreed that if a plaintiff is not a qualified "Insured" person under the Policy, the plaintiff is "not entitled to stack the bodily injury coverage." *Durbin*, Doc. 32 at 9.

Here, reading the plain language of the Policy, neither the Plaintiff nor K.W. were named in the Policy as "Insured" persons and neither were driving the insured vehicle as permissive users at the time of the accident. Plaintiff, on behalf of K.W., is simply a third-party claimant only entitled to bodily injury coverage

-8-

for K.W. in the stated amount of $100,000.

Additionally, the facts presented in this case are even less favorable to stacking third-party liability than those presented in *Morris, Durbin*, and *Hecht*. In *Morris* and *Durbin*, the Courts found that stacking was inapplicable even though the insured had assigned its rights in the policy to the plaintiff. *Morris*, Doc. 64 at 2; *Durbin*, Doc. 32 at 9. In *Hecht*, Judge Morris also found that stacking was inapplicable even though the insurance company charged identical premiums for the recreational vehicles at issue. CV 15-40-GF-BMM, Doc. 28 at 1. Here, in contrast, there has been no assignment of rights by the Insured to the Plaintiff. Further, each vehicle under the Policy has its own premium assigned to it by assessing the individualized risk of the vehicle. Thus, the third-party liability coverages in this case are even more directly tied to the specific vehicles under the Policy, and therefore should not be stacked.

Thus, because Plaintiffs are not "Insured" persons under the Policy, they are not entitled to stack the bodily injury liability coverage.[1]

---

[1] Because third party liability coverages are not stackable in Montana, Montana Code Annotated § 33-23-203 is inapplicable when applied to an insurer that is attempting to avoid the stacking of third party liability limits. Thus, the Court need not further address Montana's anti-stacking statute.

Accordingly, IT IS ORDERED that:

(1) Defendant's motion to dismiss (Doc. 3) is GRANTED.

(2) The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiffs. This case is CLOSED.

DATED this 10th day of October, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief District Judge
United States District Court